CITY OF EASTLAKE, APPELLEE, *v.* DENIRO, APPELLANT.

(No. 10-099—Decided December 10, 1984.)

*William Gargiulo,* city prosecutor, for appellee.

*Talikka, Ulrich, Koerner & Ischie* and *Leo J. Talikka,* for appellant.

DAHLING, J. This is an appeal from a judgment of the Willoughby Municipal Court, Lake County, in which after a plea of no contest to unauthorized use of property, the defendant-appellant, Rockne DeNiro, was found guilty. He was sentenced to thirty days in jail, all suspended, $250 fine with $200 suspended, and ordered to pay costs.

On May 27, 1983, appellant allegedly

trespassed on the property of the city of Eastlake Community Center. During this trespass, the appellant allegedly committed a theft of ice from three ice coolers. The appellant was subsequently charged with violation of Section 541.05 of the Eastlake Municipal Ordinances, criminal trespass, a misdemeanor of the fourth degree and violation of Section 545.05 of the Eastlake Municipal Ordinance, theft, a misdemeanor of the first degree.

On August 22, 1983, the appellant, after having engaged in plea bargaining discussions, entered a plea of no contest to a lesser offense of unauthorized use of property, a fourth degree misdemeanor. The record does not reflect that the appellant was advised of the consequences of the various available plea options by the trial court.

On November 29, 1983, the appellant appeared before the court and attempted to withdraw the no contest plea. This motion was denied. The appellant was sentenced to thirty days in jail, all of the jail time being suspended, and fined $250 of which $200 was suspended, and court costs. A written motion to withdraw the no contest plea was presented to the court. It was denied without hearing. This appeal followed.

Assignment of Error No. I

"I. The court erred by not informing the defendant of the effect of the pleas of guilty, no contest, and not guilty at the time the no contest plea was entered."

The appellant's first assignment of error is with merit.

The appellant's contention is that Crim. R. 11(E) requires strict compliance by the trial court to avoid reversal.

"The Rules of Criminal Procedure provide that in misdemeanor cases involving petty offenses, the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first informing the defendant of the effect of the plea of guilty, no con-test, and not guilty. However it has been held not to be prejudicial error to accept a plea without complying with such rule where a defendant is represented by counsel and no demonstration by prejudice is shown." 26 Ohio Jurisprudence 3d (1981) 651, Criminal Law, Section 822.

Crim. R. 11(E) states:

"In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first informing the defendant of the effect of the pleas of guilty, no contest, and not guilty.

"The counsel provisions of Rule 44(B) and (C) apply to this subdivision."

This rule has been construed in *State v. Walton* (1977), 50 Ohio App. 2d 386 [4 O.O. 3d 356], wherein the court stated at 388:

" ' "We thus conclude that prejudice inheres in a failure to comply with Rule 11, for noncompliance deprives the defendant of the Rule's procedural safeguards that are designed to facilitate a more accurate determination of the voluntariness of his plea." ' "

The colloquy between the court and appellant was as follows:

"THE COURT: This is going to be the resolution of this matter. Mr. DeNiro will be entering a plea of no contest to the lesser included charge of unauthorized use of property which is a misdemeanor of the fourth degree, there will be a presentence report * * *.

"THE COURT: Fine, then we will enter a plea of no contest to the charge of unauthorized use of property, the charge of petty theft and criminal trespass will be nolled at defendant's costs and we will then move forward with the presentence report. * * *"

From the above, it is apparent that Crim. R. 11(E) was not complied with.

Assignment of Error No. II.

"II. The trial court abused its discretion in not allowing defendant-appellant to withdraw the no contest plea."

This assignment of error is also with merit.

"The Rules of Criminal Procedure make provisions for a motion to withdraw a plea of guilty or no contest before sentence or suspension of sentence, or after sentence to correct injustice. The Revised Code provides that the court may, for good cause shown, allow a change of plea at any time before the commencement of the trial. The matter of permitting the withdrawal of a plea and the entry of another rests in the discretion of the court, and no general rule can be laid down as to when a defendant will be permitted this privilege. But while it is conceded that a change of plea rests in the discretion of the court, such discretion should not be exercised arbitrarily, but should rest upon settled principles of justice, with a due regard to existing conditions. * * *" 26 Ohio Jurisprudence 3d (1981) 664-665, Criminal Law, Section 832.

*State* v. *Peterseim* (1980), 68 Ohio App. 2d 211 [22 O.O.3d 341], at paragraph one of the syllabus, stands for the proposition that:

"Although a motion to withdraw a guilty plea, filed after sentence has been imposed, should be granted only to correct manifest injustice, a motion to withdraw filed before sentencing should be freely allowed."

Here, the appellant requested the withdrawal of his no contest plea both before and after sentencing. The *Peterseim* court stated at 213:

"The rule states that post-sentence plea withdrawal will be permitted only 'to correct manifest injustice', but makes no such limitation on pre-sentence plea withdrawal. Consequently, it can be seen that the standards for permitting pre-sentence plea withdrawal are different than those for permitting withdrawal after sentencing has occurred. In *Kadwell* v. *United States* (C.A. 9, 1963), 315 F. 2d 667, the court distinguished between pre-sentence and post-sentence plea withdrawal, holding that the rule required free allowance of leave to withdraw in the pre-sentence situation. The court based this holding on practical considerations:

" '* * * Before sentencing, the inconvenience to court and prosecution resulting from a change of plea is ordinarily slight as compared with the public interest in protecting the right of the accused to trial by jury. But if a plea of guilty could be retracted with ease *after* sentence, the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe. * * *' (Emphasis *sic* and footnote omitted.) *Id.,* at 670. Accord, *Barker* v. *United States* (C.A. 10, 1978), 579 F. 2d 1219, 1223; *United States* v. *Roberts* (C.A.D.C., 1977), 570 F. 2d 999, 1008; *United States* v. *Read* (C.A. 9, 1976), 534 F. 2d 858, 859."

Based on these considerations, this assignment of error is sustained.

The judgment of the trial court is reversed and the cause is remanded for further proceedings.

*Judgment reversed and cause remanded.*

Cook, P.J., and Ford, J., concur.