THE STATE OF OHIO, APPELLEE,
*v.* CASALE, APPELLANT.

(No. 51160—Decided
December 15, 1986.)

*John T. Corrigan,* prosecuting attorney, and *Patricia A. Gaughan,* for appellee.
*John W. Hickey,* for appellant.

PARRINO, J. The defendant-appellant, Carmela Casale, appeals her conviction in the Cuyahoga County Court of Common Pleas for gross sexual imposition in violation of R.C. 2907.05 and rape in violation of R.C. 2907.02.

I

The defendant was indicted for three counts of gross sexual imposition, three counts of rape and two counts of felonious sexual penetration involving her daughter and two minor nieces, all under the age of thirteen. Several pretrials were held. On September 30, 1985, the defendant entered a plea of guilty pursuant to *North Carolina* v. *Alford* (1970), 400 U.S. 25, 56 O.O. 2d 85, to one count of gross sexual imposition and one count of rape.

As a result of the plea, the allegation of force contained in the rape count of the indictment was dropped, eliminating the possibility of a life sentence. The state also agreed not to pursue a possible arson charge. At no point during the plea hearing was the factual basis of the charges in the indictment explored. The trial court did inquire as to the defendant's understanding of her constitutional rights, the waiver of those rights by entering a guilty plea, the effect of the plea, the nature of the charges, and the penalties involved. The plea was accepted by the trial court and the case was referred to the probation department for a presentence report.

On November 6, 1985, two days before the sentencing, the defendant filed a motion to withdraw the guilty plea and to permit withdrawal of counsel. On the day set for sentencing, November 8, 1985, the trial court conducted a hearing on the motion prior to the sentencing. The defendant stated at the hearing that she was innocent of all charges and that she did not understand what had occurred at the plea hearing. Despite her testimony, the trial court overruled her motion to withdraw the plea and replace appointed counsel with retained counsel. The trial court proceeded to sentence her to ten to twenty-five years on the rape count and two to ten years on the gross sexual imposition count. The ap-

pellant in this timely appeal raises three assignments of error:

"I. The trial court erred in accepting defendant-appellant's plea of guilty [and] in denying defendant-appellant's motion to withdraw plea where the defendant-appellant's plea was coupled with claims of innocence and where the court had before it no testimony or evidence supporting the factual basis for the pleas and where the court failed to inquire as to the factual basis for the plea.

"II. The trial court erred in refusing to grant defendant-appellant's motion to withdraw plea where such request was made previous to the imposition of sentence and where the state failed to present any supporting factual basis for the plea.

"III. The defendant-appellant was not afforded her right to effective counsel where defendant-appellant's counsel failed to move the court to examine witnesses of tender years to determine as a matter of law whether or not [each] such witness was competent and where appellant's plea was entered prior to appellant's counsel['s] receiving response to discovery requests for evidence supporting the state's case."

## II

As the appellant's first and second assignments raise related issues they will be addressed together. The appellant argues that the trial court erred in accepting her pleas of guilty and in denying her motion to withdraw the plea where the plea had been coupled with claims of innocence and the record was devoid of any evidence of the factual basis for the charges.

In *North Carolina* v. *Alford* (1970),

400 U.S. 25, 56 O.O. 2d 85, the United States Supreme Court determined that a guilty plea may be accepted despite protestations of innocence where the validity of the plea cannot seriously be questioned in view of a strong factual basis for the plea demonstrated by the record. This court has held that in taking an *Alford* guilty plea, absent the presentation of some basic facts surrounding the charge, there could be no determination that the accused was making an intelligent and voluntary guilty plea. *State* v. *Kessel* (Oct. 27, 1983), Cuyahoga App. No. 45466, unreported.[1] The record in this case, likewise, is devoid of a basic factual framework against which the trial court could weigh the appellant's claims of innocence against her willingness to waive trial. Under the circumstances of this case, the plea was not voluntary and the trial court erred in accepting the plea.

In the second assignment, the appellant argues that the trial court erred in denying her motion to withdraw her guilty plea. We find this argument has merit. The withdrawal of a guilty plea *prior to sentencing* is to be freely allowed and treated with liberality. *Eastlake* v. *DeNiro* (1984), 21 Ohio App. 3d 102, 21 OBR 109, 487 N.E. 2d 324; *State* v. *Peterseim* (1980), 68 Ohio App. 2d 211, 22 O.O. 3d 341, 428 N.E. 2d 863. Such decisions are vested in the sound discretion of the trial court and will be reversed by the appellate court only when that discretion has been abused. *State* v. *Smith* (1977), 49 Ohio St. 2d 261, 3 O.O. 3d 402, 361 N.E. 2d 1324; *State* v. *Peterseim, supra.*

Such an abuse occurred here. The appellant made a timely pre-sentence

---

[1] We are mindful of the fact that this court has held that in the context of an ordinary guilty plea no factual basis is required. *State* v. *Ricks* (1976), 48 Ohio App. 2d 128, 2 O.O. 3d 104, 356 N.E. 2d 312; *State* v. *Wood* (1976), 48 Ohio App. 2d 339, 2 O.O. 3d 345, 357 N.E. 2d 1106; *State* v. *McCord* (Jan. 11, 1979), Cuyahoga App. No. 38060, unreported.

motion to withdraw the plea. She had entered the plea under the auspices of *North Carolina* v. *Alford, supra,* which meant she was entering a guilty plea despite her contention that she was innocent. No inquiry was made into the conflict presented by her plea in relation to her protestations of innocence. During the hearing upon the motion to withdraw, and in statements made to personnel conducting her psychiatric evaluation, the appellant insisted she was innocent and that she had been confused during the original plea hearing. She repeatedly stated that she did not understand the implications of the previous plea proceeding. Under the circumstances, she should have been permitted to withdraw her plea. The first and second assignments are well-taken.

### III

In her third assignment, the appellant contends she was denied her Sixth Amendment right to the effective assistance of counsel by her counsel's failure to have the victims examined as to their competency. A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or setting aside of a death sentence requires that the defendant show, first, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. *Strickland* v. *Washington* (1984), 466 U.S. 668. A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. To demonstrate prejudice, the defendant must show there is a reasonable probability that the result of the proceeding would have been different. *Id.*

There is nothing in the record before this court to demonstrate that the young victims were incompetent to testify. The appellant makes reference in her brief to a contemporaneous juvenile court proceeding. The record of that proceeding, however, is not before this court. The appellant has failed to demonstrate a reasonable probability that an examination into the competency of the children would have resulted in a determination of their incapacity as witnesses. Thus, even if there was a deficiency in counsel's performance, no prejudice has been demonstrated. Appellant's third assignment is overruled.

The disposition of the first and second assignments of error mandates that the judgment of the trial court be reversed and the cause remanded for further proceedings consistent with this opinion.

*Judgment reversed and*
*cause remanded.*

JACKSON, P.J., and ANN MCMANAMON, J., concur.