OPINION
Defendant Phillip Davis appeals a judgment of the Court of Common Pleas of Stark County, Ohio, which convicted and sentenced him for one count of burglary in violation of R.C. 2911.12 and one count of assault in violation of R.C. 2903.13, after appellant changed his initial plea of not guilty to guilty. Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN OVERRULING DEFENDANT'S MOTION TO WITHDRAW HIS GUILTY PLEAS.
On July 3, 1996, appellant submitted a written change of plea request pursuant to Crim. R. 11 (C). The trial court accepted appellant's guilty plea, but scheduled a sentencing hearing for August 7, 1996, pending a pre-sentence investigation report. Appellant failed to appear at the sentencing hearing, and the court issued a capias order for his arrest. Nearly one year later, appellant was arrested. Appellant filed a written motion to withdraw his guilty plea and the court conducted a hearing on the motion on July 12, 1997. Appellant asserted pursuant to Crim. R. 32.1, that his guilty plea was not made intelligently and voluntarily. The court overruled the motion and sentenced appellant to serve an indeterminate term of one and one-half years of incarceration on the burglary charge to be serve concurrently with a six month term of incarceration on the assault charge.
Crim. R. 32.1 provides:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.
A motion to vacate a guilty plea is directed to the sound discretion of the trial court, State v. Xie (1992), 62 Ohio St.3d 521. A motion to withdraw a plea before sentencing should be freely allowed, see Maple Heights v. Redi-Car Wash (1988),51 Ohio App.3d 60, syllabus, paragraph 2. The defendant must set forth a reasonable and legitimate basis for withdrawing a plea of guilty, Xie, supra.
This court may not reverse a court's ruling on the motion to withdraw absent abuse of discretion. The Supreme Court has frequently defined "abuse of discretion" as implying the trial court's attitude is unreasonable, arbitrary or unconscionable, seeState v. Adams (1980), 62 Ohio St.2d 151 at 157.
At the hearing on the motion to withdraw, appellant asserted he was not guilty of the charges, but entered the plea so that he could be released on bond. Appellant did not appear at the sentencing hearing because he was not guilty.
Appellant cites us to North Carolina v. Alford (1970)440 U.S. 25, wherein the United States Supreme Court held the validity of a guilty plea must be questioned when an accused makes protestations of innocence. See also, State v. Cassale (1986),34 Ohio App.3d 339.
In State v. Smith (1977), 49 Ohio St.2d 261, the Supreme Court noted that an undue delay between the occurrence of cause for withdraw of a guilty plea after the filing of the motion to withdraw it is a factor which adversely affects the credibility of the movant and mitigates against the granting of the motion. The State points out appellant has failed to explain satisfactorily why he believed a plea of guilty would permit him to remain free indefinitely. Appellant's written change of plea acknowledged he understood he might or might not be granted probation.
In State v. Lambros (1988), 44 Ohio App.3d 102, the Court of Appeals for Cuyahoga County held a trial court should not permit a defendant withdraw a guilty plea because he learns that an unexpected sentence is going to be imposed, syllabus, paragraph three by the court.
We find the trial court did not err in overruling appellant's motion to withdraw his guilty plea. Accordingly, the assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, J., Farmer, P.J., and Wise, J., concur.
 JUDGMENT ENTRY
CASE NO. 1997CA290
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.