DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Fulton County Court of Common Pleas which, following the entry of a plea pursuant to NorthCarolina v. Alford (1970), 400 U.S. 25, found appellant, Daniel Nicely, guilty and sentenced him on four counts of gross sexual imposition. For the reasons stated herein, this court affirms the judgment of the trial court.
Appellant sets forth the following five assignments of error:
"ASSIGNMENTS OF ERROR
 "ASSIGNMENT OF ERROR NO. I: "The Trial Court erred in accepting the plea of guilty pursuant to Alford v. North Carolina (sic) from the Defendant/Appellant As It Was Not Voluntary, Knowing or Intelligent.
 "ASSIGNMENT OF ERROR NO. II: "The Trial Judge erred when he failed to recuse himself from considering the Criminal case when he already received information regarding the same parties involved in the Criminal allegations through the pending Domestic Relations matter.
 "ASSIGNMENT OF ERROR NO. III: "The Trial Court erred in consideration in the instant cause of a psychological evaluation which was ordered in a Domestic Relations case involving the Defendant/Appellant thereby considering improper evidence and information in violation of Defendant's right to Due Process.
 "ASSIGNMENT OF ERROR NO. IV: "Defendant was denied effective assistance of counsel and thereby his rights pursuant to the Fourth and Sixth Amendment (sic) of the United States Constitution were violated.
 "ASSIGNMENT OF ERROR NO. V: "To utilize the leverage of a life sentence in order to pressure Defendant/Appellant into a plea agreement and into surrender of his parental rights and consent to adoption is against public policy."
The following facts are relevant to this appeal. On October 22, 1998, appellant was indicted on seven counts of gross sexual imposition in violation of R.C. 2907.05(A)(4) and one count of rape with a specification of force in violation of R.C.2907.02(A)(1)(b) involving four victims, including appellant's daughter. The victims were all under the age of thirteen.
On May 25, 1999, appellant pled guilty to four counts of gross sexual imposition pursuant to North Carolina v. Alford
(1970), 400 U.S. 25. The trial court informed appellant of his constitutional rights, the penalties for each count, and the possible sentences which could be imposed for each count. Appellant read and signed a plea agreement which outlined his rights and the sentencing parameters of each offense. At this hearing, appellant denied under oath that any promise or threats had been made to him in order to secure his Alford plea.
On August 6, 1999, the trial court sentenced appellant to a term of three years each on two counts of gross sexual imposition and to a term of two years each on two other counts of gross sexual imposition, all sentences to be served consecutively. Appellant filed a timely notice of appeal.
In his first assignment of error, appellant argues that the trial court erred in accepting his Alford plea as it was not a voluntary, knowing or intelligent plea. This court finds no merit in this assignment of error.
This court has held that a guilty plea entered pursuant to North Carolina v. Alford (1970), 400 U.S. 25, is procedurally indistinguishable from a guilty plea in that it severely limits claimed errors to those which affect the voluntariness of the plea.[1] State v. McDay (May 9, 1997), Lucas App. No. L-96-027, unreported; State v. Witcher (Dec. 30, 1993), Lucas App. No. L-92-354, unreported. An Alford guilty plea is considered a qualified guilty plea because it allows a defendant to enter a guilty plea yet maintain his innocence. North Carolina v. Alford,400 U.S. 25. Other than the claim of innocence, there is no significant difference between the guilty plea and the Alford plea when there is strong evidence of guilt in the record. Id. at 37-38. The record must contain strong evidence of guilt before anAlford plea may be accepted. Id.; United States v. Morrow (C.A.4, 1990), 914 F.2d 608, 611.
A defendant may choose to enter an Alford plea when he rationally concludes that the evidence against him is so incriminating that accepting a plea bargain would be in his best interest by allowing him to avoid the risk of greater punishment if a jury would find him guilty. State v. Padgett (April 13, 1990), Montgomery App. Nos. 11770, 11887, unreported. Because anAlford plea involves a rational calculation that is significantly different from that made by a defendant who admits his guilt, the obligation of the trial judge with respect to the taking of anAlford plea is correspondingly different. Id. The trial judge must ascertain that notwithstanding the defendant's protestations of innocence, he has made a rational calculation that it is in his best interest to accept the plea bargain. Id. This requires, the court to 1) question the defendant as to his reasons for deciding to plead guilty and 2) inquire into the state's evidence in order to determine that the likelihood of a conviction on offenses of equal or greater magnitude than the offenses to which the defendant entered a plea is great enough to warrant such a decision. Id.
In accepting an Alford guilty plea, a trial court must be satisfied that the defendant has made a conscious choice to plead and avoid the risk of being found guilty at trial as charged in the indictment. No determination of the voluntary and intelligent nature of such a plea can be made without the presentation of some basic facts surrounding the offenses charged.Alford, supra; see, also, State v. Casale (1986), 34 Ohio App.3d 339,340.
On appeal, an appellate court should inquire as to whether the defendant voluntarily and knowingly waived his constitutional rights. In State v. Kelley (1991), 57 Ohio St.3d 127,129, the court noted that the record reflected that the trial court explained all the constitutional rights the defendant was entitled to pursuant to Crim.R. 11 in the absence of a plea bargain. Further, the trial court in Kelley had inquired as to any promises, threats, or inducements that the defense attorney, prosecutor, or the court might have made in order to cause the defendant to enter a plea of guilty before accepting the defendant's plea. Id. The Ohio Supreme Court reviewed the colloquy between the trial court and the defendant and the statements made by the court as to the defendant's understanding of his rights and found that the defendant was informed of his constitutional rights pursuant to Crim.R. 11. Id.
The rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision. "A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action." State v. Piacella (1971), 27 Ohio St.2d 92,94. (Citation omitted.)
Upon review of the record of proceedings in the trial court and for reasons more fully discussed under Assignments of Error Nos. Two through Five, infra, this court finds that the plea was made voluntarily and with an understanding of the charges. Clearly, the plea was motivated by a desire to avoid the possibility of a life sentence. Appellant's attorney was present when the plea was tendered and the record does not support that the advice appellant received from counsel was other than competent. Furthermore, in the instant case the state complied with the mandate that a proffer be made[2] so as to provide a basis for a finding of guilt despite the protestations of innocence. State v. Casale (1986), 34 Ohio App.3d 339. Upon consideration thereof, this court finds further that the state presented an adequate factual basis upon which the trial court could judge the voluntary and intelligent nature of appellant'sAlford plea. Therefore, this court finds that the Alford plea was properly tendered and accepted.
Accordingly, appellant's first assignment of error is found not well-taken.
As the resolution of appellant's second and third assignments of error involve the same legal analysis, this court will address them together. In his second assignment of error, appellant argues that the trial judge erred when he failed to recuse himself from considering this criminal case because the trial judge had already received information regarding the parties involved in the criminal case through a pending domestic relations matter. In his third assignment of error, appellant argues that the trial court erred in considering a psychological evaluation of the parties involved in this criminal case which was ordered in a pending domestic relations matter; specifically, appellant argues that the trial court allowed a continuance, requested by appellant, so that the psychological evaluation of the parties could be completed. This court finds no merit in these assignments of error.
This court has held that a guilty plea entered pursuant to Alford, supra, is procedurally indistinguishable from a guilty plea in that it severely limits claimed errors to those which affect the voluntariness of the plea. State v. Witcher (Dec. 30, 1993), Lucas App. No. L-92-354, unreported; State v. McDay
(May 9, 1997), Lucas App. No. L-96-027, unreported. Upon consideration of the foregoing, this court finds that appellant's claimed errors as to the trial judge failing to recuse himself and trial judge considering a psychological evaluation did not affect the voluntariness of appellant's plea and, therefore, the claimed errors were waived by his entering the Alford plea.
Accordingly, appellant's second and third assignments of error are found not well-taken.
In his fourth assignment of error, appellant argues that he was denied effective assistance of counsel. This court finds no merit in this assignment of error.
A guilty plea waives all appealable errors except for errors which are shown to have precluded a knowing, intelligent and voluntary plea. State v. Spates (1992), 64 Ohio St.3d 269,272-273; State v. Kelley (1991), 57 Ohio St.3d 127, 129. Thus, in order to prove a claim of ineffective assistance of counsel in such a case, a defendant must show that his counsel's performance was deficient, and that, but for his counsel's errors, there is a reasonable probability that he would not have pled guilty. Hillv. Lockhart (1985), 474 U.S. 52, 59. That is, the defendant must demonstrate that counsel's failure impaired the knowing and voluntary nature of the plea United States v. Broce (1989),488 U.S. 563, 574.
Appellant argues that his trial counsel's performance was deficient in three ways: (1) his trial counsel failed to investigate adequately and bring forth favorable evidence; (2) his trial counsel failed to demand discovery; and (3) appellant did not understand his rights.
However, appellant fails to point out how the first two of these allegations affected the voluntary, intelligent and knowing entry of his Alford plea. The third of these allegations is contrary to the record.
Reviewing courts, in determining whether a guilty plea is voluntarily, intelligently and knowingly made, look to the totality of the circumstances. State v. Nero (1990), 56 Ohio St.3d 106; State v. Calvillo (1991), 76 Ohio App.3d 714. Literal compliance with Crim.R. 11(C) as to the non-constitutional provisions is preferred, but not required, since the vacation of a guilty plea is not warranted if the reviewing court finds substantial compliance. State v. Colbert (1991), 71 Ohio App.3d 734. A trial court substantially complies with Crim.R. 11(C) where under the totality of the circumstances, the defendant subjectively understands the rights he is waiving and the consequences of the plea. Nero, 56 Ohio St.3d at 108.
The trial court herein personally addressed appellant and substantially complied with Crim.R. 11(C)(2). Moreover, the trial court informed appellant about the constitutional rights he would waive by pleading guilty to the amended count. Boykin v.Alabama (1969), 395 U.S. 238.
The record additionally reveals that the trial court specifically asked appellant whether any promises or threats were made to induce him to enter into the plea agreement. Appellant not only responded in the negative, he later acknowledged satisfaction with his counsel and the free and voluntary nature of the plea. Also included in the record is a written plea agreement signed by appellant in which he also admits satisfaction with his counsel and the free and voluntary nature of the plea. Appellant also responded negatively when asked by the court if he had any questions. Finally, appellant substantially reduced his potential sentence, a life sentence, by entering the plea.
Accordingly, appellant's fourth assignment of error is found not well-taken.
In his fifth assignment of error, appellant argues that the use of the leverage of a life sentence in order to pressure appellant into a plea agreement and into the surrender of his parental rights is against public policy. This court finds no merit in this assignment of error.
In regard to appellant's assertion that the leverage of a life sentence was used to pressure him into a plea agreement, the fact was that appellant did face a life sentence if convicted of the count of rape with a specification of force, in violation of R.C. 2907.02(A)(1)(b). This court refuses to find that advice regarding a potential sentence constitutes coercion. As noted by the court in United States v. Pellerito (C.A.1, 1989),878 F.2d 1535, 1541, although advice or the pressure of external influences, or the absence thereof, may be "* * * probative of an accused's motivation for pleading guilty, it does not necessarily show coercion, duress, or involuntariness."
In regard to appellant's claim that his consent to adoption and waiver of parental rights was not freely given, that claim is best presented to the appropriate probate court.[3]
As noted by the Ohio Supreme Court in Morrow v. Family CommunityServ. of Catholic Charities, Inc. (1986), 28 Ohio St.3d 247, 251:
 "* * * The standard for determining the validity of consent and how that consent may have been affected by duress or undue influence was addressed in In re Hua
(1980), 62 Ohio St.2d 227, 231-232 [16 O.O.3d 270], citing Tallmadge v. Robinson (1952), 158 Ohio St. 333
[49 O.O. 206], as follows: `"The real and ultimate fact tobe determined in every case is whether the party affected reallyhad a choice; whether he had his freedom of exercising hiswill."'" (Emphasis added.)
Accordingly, appellant's fifth assignment of error is found not well-taken.
On consideration whereof, the court finds that the defendant was not prejudiced or prevented from having a fair trial, and the judgment of the Fulton County Court of Common Pleas is affirmed. It is ordered that appellant pay court costs for this appeal.
 ______________________ Peter M. Handwork, J.
Melvin L. Resnick, J., James R. Sherck, J., Concur.
[1] When a defendant enters a plea of guilty as a part of a plea bargain, he waives all appealable errors which may have occurred at trial, unless such errors are shown to have precluded the defendant from entering a knowing and voluntary plea. Statev. Kelley (1991), 57 Ohio St.3d 127. "A failure by counsel to provide advice (which impairs the knowing and voluntary nature of the plea) may form the basis of a claim of ineffective assistance of counsel, but absent such a claim it cannot serve the predicate for setting aside a valid plea." United States v. Broce (1989),488 U.S. 563, 574. Thus, a plea of guilty waives the right to claim that the accused was prejudiced by constitutionally ineffective counsel, except to the extent the defects complained of caused the plea to be less than knowing and voluntary.
[2] The state summarized the evidence it would have produced had the case proceeded to trial.
[3] In his reply brief, appellant states that a motion regarding his consent has been filed in the appropriate probate court.