[Cite as *State v. Jones*, 2012-Ohio-2512.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97674**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ELBERT JONES

DEFENDANT-APPELLANT

## JUDGMENT:
### REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-535173

**BEFORE:** S. Gallagher, J., Boyle, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** June 7, 2012

**ATTORNEY FOR APPELLANT**

Paul Mancino, Jr.
75 Public Square
Suite 1016
Cleveland, OH   44113-2098

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Mark J. Mahoney
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH   44113

SEAN C. GALLAGHER, J.:

{¶1} Defendant Elbert Jones appeals from the trial court's denial of his presentence motion to vacate his plea. For the following reasons, we reverse the decision of the trial court and Jones's conviction, and remand for further proceedings.

{¶2} On March 16, 2010, Jones was charged with two counts of aggravated burglary, two counts of aggravated robbery, and one count of having a weapon while under disability. The matter was set for trial on August 16, 2010. On that day, but before the jury was empaneled, Jones agreed to plead guilty to one count of burglary, one count of robbery, and one count of having a weapon under disability. Jones also agreed to amend the indictment to reflect the plea agreement. During the plea colloquy, the court addressed Jones's constitutional rights, and before accepting Jones's change of plea, the following exchange took place:

Court:   How do you plead, guilty or not guilty?

Defendant:   Guilty, your Honor.

Court:   And are you, in   fact, guilty, sir?

Defendant:   I feel — I feel I'm not, but — honestly I feel like I'm not, but I'm just — I'm scared.

Court:   Is your plea consistent with the evidence?

Defendant:   I really don't know the evidence, your Honor.   I see a lot — how can I say it?   I have heard a lot of lies and statements and stuff.

Court:   But is your plea consistent with the evidence?

Defendant:    Some of it.

Court:    The court accepts your plea.

The trial court referred Jones for a presentence report, and the matter was continued for sentencing.

{¶3} Before the sentencing hearing, Jones filed a motion to withdraw his plea in light of the fact that he stated his innocence at the plea hearing.   The trial court reviewed the transcript of the plea hearing, denied Jones's motion, and sentenced him to an aggregate eight-year term of prison.   Jones timely appealed, raising three assignments of error.   Jones's first two assignments of error challenge the trial court's decision to deny his presentence motion to withdraw his plea.   Jones argues that the trial court erred when it failed to inquire into the factual basis or information regarding his offenses when the guilty plea was accompanied by his protestation of innocence.   Jones's argument has merit.

{¶4} Generally, a presentence motion to withdraw a guilty plea should be freely and liberally granted.   *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). However, a defendant does not have an absolute right to withdraw a plea prior to sentencing and it is within the sound discretion of the trial court to determine what circumstances justify granting such a motion.   *Id.*   "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily.   Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution."   *State v. Engle*, 74 Ohio St.3d

525, 527, 660 N.E.2d 450 (1996). We will not reverse such a determination if the trial court substantially complied with the nonconstitutional requirements of Crim.R. 11. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990), citing *State v. Stewart*, 51 Ohio St.2d 86, 92-93, 364 N.E.2d 1163 (1977). "A plea is in substantial compliance * * * when it can be inferred from the totality of the circumstances that the defendant understands the charges against him." *State v. Walker*, 8th Dist. No. 65794, 1994 WL 530892, *2 (Sept. 29, 1994), citing *State v. Rainey*, 3 Ohio App.3d 441, 446 N.E.2d 188 (10th Dist.1982), paragraph one of the syllabus.

{¶5} This court has recognized that "a guilty plea may be accepted despite protestations of innocence where the validity of the plea cannot seriously be questioned in view of a strong factual basis for the plea demonstrated by the record." *State v. Casale*, 34 Ohio App.3d 339, 340, 518 N.E.2d 579 (8th Dist.1986), citing *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). When taking an *Alford* plea, the trial court cannot determine whether the accused was making an intelligent and voluntary guilty plea absent some basic facts surrounding the charge. *Casale* at 340, citing *State v. Kessel*, 8th Dist. No. 45466, 1983 WL 2707 (Oct. 27, 1983). For example, in *Casale*, the record was "devoid of a basic factual framework against which the trial court could weigh the appellant's claims of innocence against her willingness to waive trial." *Casale* at 340. In such situations, this court held that the plea was not voluntary and the trial court abused its discretion in denying the defendant's presentence motion to withdraw a plea.

{¶6} In the current case, Jones stated his innocence at the plea hearing and, despite such statements, the trial court subsequently accepted Jones's plea without a factual framework to measure his innocence against the willingness to waive trial. Jones's guilty plea was therefore not voluntary, and the trial court abused its discretion in denying Jones's presentence motion to withdraw his plea. *Id.*, *but see State v. Cutlip*, 8th Dist. No. 72419, 1998 WL 323556 (June 18, 1998) (holding that defendant cannot invoke an *Alford* plea if the defendant failed to declare himself not guilty at the plea hearing, to file a presentence motion to withdraw his plea, or to object to the lack of the factual basis).

{¶7} The state seeks to characterize Jones's statements as an equivocation. We disagree, although we understand the state's position. There were multiple pretrials where the facts were discussed in detail, and Jones only questioned his guilt at the end of the plea hearing after already pleading guilty. Nevertheless, the impact of Jones's statement was that he was not guilty of the charges. At the moment Jones stated he was not guilty of the charges at the plea hearing, further inquiry was necessary to determine whether Jones's guilty plea was knowingly, voluntarily, and intelligently entered. Further, Jones only agreed that his guilty plea was consistent with some of the evidence. The record is not clear what evidence he was referencing. Jones's first two assignments of error are sustained and dispositive of Jones's entire appeal.

{¶8} The trial court erred in denying Jones's presentence motion to withdraw his guilty plea. The guilty plea was not made knowingly, voluntarily, or intelligently in light

of the fact that the trial court accepted the guilty plea without a factual basis after Jones offered statements of his innocence.

**{¶9}** The decision of the trial court is reversed, and this cause is remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
MARY EILEEN KILBANE, J., CONCUR