[Cite as *State v. Nevels*, 2020-Ohio-915.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                    :

    Plaintiff-Appellee,                        :

                                                No. 108395

    v.                                              :

JAMIE E. NEVELS,                                 :

    Defendant-Appellant.                       :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** March 12, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-627351-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Kerry A. Sowul, Assistant Prosecuting
Attorney, *for appellee.*

Law Office of Jaye M. Schlachet, Jaye M. Schlachet, and
Eric M. Levy, *for appellant.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Defendant-appellant Jamie E. Nevels appeals his conviction following a guilty plea. Because we find Nevels's plea was not knowingly, intelligently, and voluntarily made, we reverse.

Procedural History and Substantive Facts

{¶ 2} On March 30, 2018, the Cuyahoga County Grand Jury charged Nevels in an 11-count indictment as follows: Counts 1-3, rape in violation of R.C. 2907.02(A)(2), with one- and three-year firearm specifications and a sexually violent predator specification; Count 4, complicity in violation of R.C. 2923.03(A)(2), with one- and three-year firearm specifications and a sexually violent predator specification; Count 9, kidnapping in violation of R.C. 2905.01(A)(4), with one- and three-year firearm specifications, a sexual motivation specification, and a sexually violent predator specification; Count 10, aggravated robbery in violation of R.C. 2911.01(A)(1), with one- and three-year firearm specifications; and Count 11, kidnapping in violation of R.C. 2905.01(A)(2), with one- and three-year firearm specifications.[1] The indictment stems from an incident that occurred on or about June 13, 2001. At the time Nevels was charged in this case, he was serving a 20-year sentence for several charges, including rape, in Cuyahoga C.P. No. CR-03-437396.

{¶ 3} The court appointed a public defender to represent Nevels in this case. The record shows that the public defender initially requested discovery from the state on May 3, 2018, and filed a supplemental request for discovery on June 27, 2018. The public defender then filed a motion to dismiss for preindictment delay, which the state opposed. On July 12, 2018, Nevels retained an attorney. On

---

[1] Counts 5 through 8 pertained only to Nevels's codefendant.

December 19, 2018, the state filed a notice of intent to use Evid.R. 404(B) evidence of other acts, which Nevels's newly retained counsel opposed. Nevels's new counsel also filed a motion to dismiss.

{¶ 4} On March 13, 2019, the court called the case for trial. Prior to the start of trial, however, the court addressed the defense's motion to dismiss and questioned Nevels's new attorney's basis for the motion:

| | |
|---|---|
| Court: | I am perplexed, [counsel], as to the basis for your motion. I understand that the reason for the motion [to dismiss] is because you believe that it was a consensual act and therefore you've moved this court to dismiss these charges of rape based upon the fact that consent was given, is that correct? |
| Counsel: | That is correct, your Honor. |
| Court: | Okay. Now, what is the legal basis for such a motion? |
| Counsel: | The affirmative defense of the fact that my client had consensual — it is upon information and belief that the victim will testify and there's reports that part of the acts was consensual, and that's why I was requesting for Count 1 and the second count — that part of these acts were consensual, so consent would be the defense and the basis for the dismissal. There's also upon information and belief that the co-defendant is going to testify in regards to there being a consent as well * * *. |
| Court: | What case law do you have to support such a motion? |
| Counsel: | As far as consent? There [are] several — |
| Court: | Tell me one time in any court in the [s]tate of Ohio where someone has alleged consent on a rape case and by motion you ask the judge to dismiss the charges. |
| Counsel: | There isn't, [y]our Honor. I just — I filed it, and I understand it's probably a [Crim.R.] 29 request * * *. |

|  | However, for my client I did want to at least file it in good faith that — |
|---|---|
| Court: | What's the purpose of filing such a motion? This is a very serious case. |

{¶ 5} The court then continued to inquire as to defense counsel's overall experience in handling felony cases, and both the court and the prosecutor noted for the record that "this is a life case." When the court asked defense counsel to explain his experience in representing individuals on first-degree felony cases, he replied, "I have a bar card and [I am] qualified as an attorney," yet he conceded that he has "not necessarily" represented anyone on a "felony one" case.

{¶ 6} At this point, the court reminded counsel of his obligations under the Rules of Professional Responsibility and the court read from the section concerning an attorney's competence, legal knowledge, and skill. After reading from the rules, the court asked defense counsel, "[W]here do you think you stand?" Nevels's counsel continued to defend his experience, stating that although he is young, he has had "the highest profile cases in Ohio" for his age and he is "the best lawyer in Ohio." Counsel further asserted that he filed the motion to dismiss in order to "build a record" in the case, he has the experience necessary to represent Nevels, he has consulted with other attorneys regarding his client's case, and his client is not disadvantaged by his representation. The court then stated that if Nevels is satisfied with defense counsel's representation, it would not compel him to take another attorney, and as an added precaution, the court instructed a public defender to sit second chair, in an advisory role.

{¶ 7} Thereafter, Nevels addressed the court, thanking the court for considering his attorney's inexperience, and inquired about hiring a new attorney. Nevels stated that "I just want what's best for me because I know who I am and * * * I know my innocence in this case, and I just would like to have the best person representing me that I can have." The court then asked Nevels if he wanted a continuance in order to hire new counsel. Defense counsel asked to confer with his client, and the court recessed.

{¶ 8} After the court's recess, the state advised the court that the parties had reached an agreement. There was no further discussion regarding Nevels's desire to retain a different attorney. Nevels agreed to plead guilty to the rape in Count 1, as amended, to be classified as a sexual predator, and to have no contact with the victim. In exchange for the guilty plea, the state agreed to amend Count 1 to delete the one-year firearm specification and the sexually violent predator specification. The state also agreed to request the remaining charges be nolled. Finally, the state advised the court that the parties agreed to a recommended ten-year sentence, which included seven years on the base charge and three years on the three-year firearm specification, to run consecutive to Nevels's case in CR-03-437396. The state noted for the record that the public defender was present for the hearing. The public defender confirmed the plea agreement, advised the court that she was initially involved in the case so she was familiar with the discovery and the facts of the case, she had met with Nevels previously on several occasions, and the plea is being made knowingly, voluntarily, and intelligently.

**{¶ 9}** The court then asked Nevels if he wished to take the plea agreement, to which Nevels responded, "No, I don't but — no, I don't, but I have to." The court explained to Nevels that he does not have to take the plea agreement if he does not wish to, and Nevels replied, "Yes, I do, because if I don't, I go to trial and lose, I'm going to do life. I don't want to do my life. I want to see my son, my wife, so I'm going to take this * * * Yes." At that point, the court engaged in a Crim.R. 11 colloquy, asking Nevels if he can read and write and if he understands the proceeding, to which Nevels replied, "Yes." Nevels advised the court that he was not under the influence of any drugs or alcohol and that he was satisfied with the representation he received from his attorneys.

**{¶ 10}** The court proceeded to advise Nevels of the constitutional rights he was waiving by pleading guilty, as well as the nature of the charge and its possible maximum sentence of 10 years in prison and a maximum fine of $20,000. The court also advised Nevels that the firearm specification must be served consecutive to any sentence he received. Nevels indicated that he understood the court's advisements. The court asked Nevels if he understood that there was a recommended agreed sentence of ten years, which included seven years for the rape and three years for the firearm specification, and the sentence would be served consecutive to his prior case, CR-03-437396. Nevels said, "Yes, I do," but he then requested the sentence be run concurrently, stating, "I don't mean to be disrespectful, but is there any way I can get it [run] concurrent * * *." The transcript of the hearing noted that "defense counsel and their client conferred." Nevels then apologized, the court explained the

agreed sentence to Nevels, and he stated that he understood.  Thereafter, the court discussed Nevels's postrelease control and his agreed sexual predator classification and Nevels stated that he understood.

{¶ 11} The hearing continued as follows:

Court:      How do you plea[d], sir, guilty or not guilty?

Defendant:  Guilty. Guilty.

Court:      And are you, in fact, guilty, sir?

Defendant:  No, I'm not.

Court:      Oh, then we'll go to trial.

Defendant:  Huh?

Court:      If you're not guilty—

Defendant:  Yes.

Court:      — we'll go to trial.

Defendant:  Yes. Yes.

Court:      If you're not guilty, we can go to trial and the jury will find you not guilty.  But if you're guilty and we go to trial, they'll find you guilty.  And nobody can tell you what to do.  You have to make up your own mind.  You understand?

Defendant:  Yes.

Court:      So let's try it again.  How do you plea[d], guilty or not guilty?

Defendant:  Guilty.

Court:      And are you, in fact, guilty?

Defendant: Yes.

{¶ 12} At this point, the court found that Nevels entered his plea knowingly, voluntarily, and "with a full understanding of his constitutional and trial rights." And the prosecutor, the public defender, who was serving in an advisory capacity, and Nevels's retained attorney agreed that the court complied with Crim.R. 11. The court then accepted Nevels's guilty plea.

{¶ 13} The following morning, the court held a sentencing hearing. The state advised the court that the victim could not be present but she was satisfied with the plea and the recommended agreed sentence. The court asked Nevels if he wished to address the court. Although Nevels conceded that he pleaded guilty the previous day, he now attempted to explain to the court that he believed he "had no choice" but to take the plea. The following exchange occurred:

Defendant: I just want to apologize to my son and my wife, my family for putting myself in the position. I apologize to the court for putting myself in the position. I just — I don't want to be that guy, but I took the plea because I had no choice.

Court: No. You took the plea, and you said you did it.

Defendant: Okay. I did, but — that's all. That's all.

Court: No one's forced you to plea.

Defendant: Okay.

Court: In this courtroom, if you're not guilty, you say you're not guilty. If the jury believes that you're not guilty, they'll find you not guilty. If they believe you're guilty, they'll find you guilty.

{¶ 14} Thereafter, the court heard from Nevels's retained attorney, and the public defender declined to add any additional comments. The court then imposed a prison sentence consistent with the parties' agreement: seven years on the base charge of rape, plus three years on the firearm specification, to be served consecutive to the base charge. The court also ordered the sentence in this case to be served consecutive to Nevels's case in CR-03-437396, and it made consecutive sentence findings. Finally, the court found Nevels to be a sexual predator, advised him of his reporting requirements, and advised Nevels of his postrelease control.

{¶ 15} Nevels now appeals from his conviction, assigning two errors for our review.

### Assignments of Error

I. Appellant's guilty plea is unconstitutional and must be vacated as it was not entered knowingly, intelligently, and voluntarily, where the appellant maintained his innocence when entering his plea and the trial court failed to comply with the *Alford* mandates by conducting the required inquiry and properly advising Appellant prior to accepting the plea.

II. Appellant's guilty plea must be vacated as he was denied his Sixth Amendment right to competent trial counsel, which negatively prevented him from defending the charges against him, and the cumulative errors of counsel resulted in him erroneously entering a guilty plea, which was not made knowingly, intelligently, and voluntarily due to the serious deficiency in the representation without such Appellant would not have entered a guilty plea.

### Guilty Plea

{¶ 16} In his first assignment of error, Nevels contends that his guilty plea was not knowingly, intelligently, and voluntarily made where he maintained his

innocence when entering his plea and the court failed to comply with the mandates of *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), and where he did not understand the nature of the charges and the possible penalties.

**{¶ 17}** Where a defendant enters a guilty plea in a criminal matter, "the plea must be made knowingly, intelligently, and voluntarily[, and f]ailure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996); *see also State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 7. In determining whether a criminal defendant knowingly, intelligently, and voluntarily entered a guilty plea, we must first review the record to determine whether the trial court complied with Crim.R. 11(C). *State v. Kelley*, 57 Ohio St.3d 127, 128-129, 566 N.E.2d 658 (1991); *State v. Brown*, 8th Dist. Cuyahoga No. 107933, 2019-Ohio-3516, ¶ 17.

**{¶ 18}** Crim.R. 11(C) delineates certain constitutional and procedural requirements with which a trial court must comply prior to accepting a guilty plea. Under Crim.R. 11(C)(2), the trial court shall not accept a guilty plea in a felony case without personally addressing the defendant and doing all of the following:

> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty * * *, and that the court,

upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 19} The purpose of Crim.R. 11(C)(2) is "to convey to the defendant certain information so that he [or she] can make a voluntary and intelligent decision whether to plead guilty." *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981); *State v. Bailey*, 8th Dist. Cuyahoga No. 107216, 2019-Ohio-1242, ¶ 5. When a trial court complies with Crim.R. 11(C)(2) in accepting a plea, there is a presumption that the defendant's plea was knowingly, intelligently, and voluntarily made. *State v. Nelson*, 8th Dist. Cuyahoga No. 107823, 2019-Ohio-3365, ¶ 16. In considering whether a plea was made knowingly, intelligently, and voluntarily, we examine the totality of the circumstances through a de novo review. *State v. Albright*, 8th Dist. Cuyahoga No. 107632, 2019-Ohio-1998, ¶ 16.

{¶ 20} Crim.R. 11(C)(2)(c) sets forth the five constitutional rights a trial court must advise a defendant he is waiving before the court can accept a guilty plea. *State v. Rembert*, 8th Dist. Cuyahoga No. 99707, 2014-Ohio-300, ¶ 8, citing *Boykin v. Alabama*, 395 U.S. 238, 242-243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The trial court must strictly comply with advisements concerning a defendant's constitutional rights delineated in Crim.R. 11(C)(2)(c). *Rembert.* Where the trial court fails to

explain these constitutional rights, it is presumed the plea was entered involuntarily and was unknowingly made and therefore invalid. *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12.

{¶ 21} Crim.R. 11(C)(2)(a) and (b) delineate a defendant's nonconstitutional rights, such as the nature of the charges, the maximum possible penalty, and the effect of the guilty plea. The substantial-compliance standard of review applies to these rights. *State v. Stewart*, 51 Ohio St.2d 86, 92, 364 N.E.2d 1163 (1977). Under this standard, a slight deviation from the text of the rule is permissible, so long as the totality of the circumstances indicates that the defendant subjectively understands the implications of his plea and the rights he is waiving. *Id.* And a defendant who challenges his plea must show prejudice — whether the plea would not have otherwise been made. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990); *State v. Wilkerson*, 8th Dist. Cuyahoga No. 100865, 2014-Ohio-3919, ¶ 11.

{¶ 22} The Ohio Supreme Court has noted that there is "no easy or exact way to determine what someone subjectively understands," but where the defendant receives the proper information, "we can ordinarily assume that he understands that information." *State v. Carter*, 60 Ohio St.2d 34, 38, 396 N.E.2d 757 (1979); *Nelson*, 8th Dist. Cuyahoga No. 107823, 2019-Ohio-3365, at ¶ 19. In deciding whether the defendant had the required information, we look at the facts and circumstances surrounding the case. *Carter*.

**{¶ 23}** Here, Nevels contends, notwithstanding the Crim.R. 11 plea colloquy, that he made claims of innocence that amounted to an *Alford* plea such that the trial court was required to additionally inquire into the factual circumstances surrounding his charges. And because the court failed to so inquire, according to Nevels, his plea must be vacated.

**{¶ 24}** A guilty plea that is made contemporaneously with claims of innocence is known as an *Alford* plea. *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Albright*, 8th Dist. Cuyahoga No. 107632, 2019-Ohio-1998 at ¶ 23; *Wilkerson*, 8th Dist. Cuyahoga No. 100865, 2014-Ohio-3919, at ¶ 17 ("An *Alford* plea results when a defendant pleads guilty yet maintains actual innocence of the crime charged."). And where a defendant enters an *Alford* plea, the trial court must inquire into the factual basis surrounding the charges to determine whether the defendant is making an intelligent and voluntary guilty plea. *Albright* at ¶ 23, citing *State v. Corbett*, 8th Dist. Cuyahoga No. 99649, 2013-Ohio-4478, ¶ 6. The trial court may then accept the guilty plea only if a factual basis for the guilty plea exists in the record. *Id.* "[A] guilty plea may be accepted despite protestations of innocence where the validity of the plea cannot seriously be questioned in view of a strong factual basis for the plea demonstrated by the record." *State v. Casale*, 34 Ohio App.3d 339, 340, 518 N.E.2d 579 (8th Dist.1986), citing *Alford*.

**{¶ 25}** Although neither Nevels nor his trial counsel specifically represented to the trial court that Nevels was making an *Alford* plea, a valid *Alford* plea exists

where the defendant enters a guilty plea while proclaiming his innocence on the record. *State v. Johnson*, 8th Dist. Cuyahoga No. 103408, 2016-Ohio-2840, ¶ 27. Here, Nevels arguably claimed his innocence on three occasions, one of which was made contemporaneously with his guilty plea.

{¶ 26} The record demonstrates that prior to the plea colloquy, the trial court questioned defense counsel's experience with felony cases. When Nevels addressed the court's concern in this regard, he contemplated retaining a new attorney, stating that he would like to have "the best person representing me" because "I know my innocence in this case." After a brief recess, during which defense counsel conferred with Nevels, the prosecutor advised the court that a plea agreement had been reached and she outlined the terms of the agreement on the record. At this point, the following exchange occurred:

Court: Mr. Nevels, do you wish to take the plea agreement?

Defendant: No, I don't but — no, I don't, but I have to.

Court: If you don't want to take it, you don't have to.

Defendant: Yes, I do, because if I don't, I go to trial and lose, I'm going to do life. I don't want to do my life. I want to see my son, my wife, so I'm going to take this —

Court: So do you want to take this plea agreement?

Defendant: Yes.

{¶ 27} Despite Nevels's apparent concerns, he proceeded with the plea colloquy. After the court advised him of his constitutional and procedural rights and explained his sentence, the court asked Nevels how he wished to plead, and he

replied, "Guilty." When the court next asked him if he was in fact guilty, Nevels said, "No, I am not." Rather than inquiring into Nevels's assertion, the court stated, "If you're not guilty, we can go to trial and the jury will find you not guilty. But if you're guilty and we go to trial, they'll find you guilty. And nobody can tell you what to do. You have to make up your own mind. You understand? * * * So let's try it again. How do you plea[d], guilty or not guilty?" Nevels then pleaded guilty and stated that he was in fact guilty.

{¶ 28} The proper taking of a guilty plea requires "a meaningful dialogue between the court and the defendant." *Garfield Hts. v. Brewer*, 17 Ohio App.3d 216, 218, 479 N.E.2d 309 (8th Dist.1980). And where a defendant protests innocence but nevertheless is willing to plead guilty, the trial court must determine that the defendant "has made a rational calculation" to plead guilty notwithstanding his belief that he is innocent. *State v. Padgett*, 67 Ohio App.3d 332, 338-339, 586 N.E.2d 1194 (2d Dist.1990). The defendant's protestations require the court's inquiry, "at a minimum," into the defendant's reasons for deciding to plead guilty notwithstanding his purported innocence and the defendant's protestations may require "inquiry concerning the state's evidence in order to determine that the likelihood of the defendant being convicted of offenses of equal or greater magnitude than the offenses to which he is pleading guilty is great enough to warrant an intelligent decision to plead guilty." *Id.*

{¶ 29} Here, the totality of the record shows that the trial court failed to engage Nevels in any meaningful dialogue concerning the sincerity of his statement

that he was not guilty. Although Nevels indicated at some point in the hearing that he was taking the plea to avoid facing a life prison term, the trial court did not at any time inquire into the factual basis surrounding the charges to determine that Nevels's fear of receiving a life sentence was knowing and intelligent "in the sense that it was a rational response" to the state's evidence. *Padgett* at 339. In fact, the record is devoid of any discussion of the facts or evidence concerning the alleged offense from 2001 "against which the trial court could weigh [Nevels's] claims of innocence against [his] willingness to waive trial." *Casale*, 34 Ohio App.3d at 340, 518 N.E.2d 579. The court's advisement that Nevels "can go to trial" if he believes he is innocent is insufficient for purposes of satisfying the mandates of an *Alford* plea.

{¶ 30} Under the unique circumstances presented here, where the court initially expressed concerns regarding defense counsel's experience in handling first-degree felony cases and Nevels expressed a desire to obtain "the best" counsel in light of his innocence, we find that the trial court erred in accepting Nevels's guilty plea. The guilty plea was not made knowingly, intelligently, or voluntarily in light of the fact that the trial court accepted Nevels's plea without inquiring into a factual basis of the charges after Nevels offered statements of innocence. *State v. Jones*, 8th Dist. Cuyahoga No. 97674, 2012-Ohio-2512, ¶ 8.

{¶ 31} Nevels's first assignment of error is sustained.

{¶ 32} Based on our resolution of Nevels's first assignment of error, his second assignment of error alleging ineffective assistance of counsel is moot.

**{¶ 33}** Judgment reversed, and case remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MICHELLE J. SHEEHAN, JUDGE

ANITA LASTER MAYS, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR