[Cite as *State v. Smith*, 2024-Ohio-1979.]

COURT OF APPEALS OF OHIO

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 113059 |
| v. | : | |
| STEVEN SMITH, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 23, 2024

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-17-616886-A and CR-17-624407-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Mallory Buelow, Assistant Prosecuting Attorney, *for appellee*.

Wegman Hessler Valore and Matthew O. Williams, *for appellant*.

MARY J. BOYLE, J.:

{¶ 1} In this delayed appeal, defendant-appellant, Steven Smith ("Smith"), appeals his conviction and sentence in two different cases following his guilty plea to two counts of operating a vehicle while under the influence ("OVI"), aggravated

vehicular assault, receiving stolen property, criminal damaging, and having a weapon while under disability ("HWWUD"). For the reasons set forth below, we affirm.

## I. Facts and Procedural History

{¶ 2} In May 2017, Smith was indicted in Cuyahoga C.P. No. CR-17-616886 with two counts of OVI (both counts contained a furthermore clause stating that he has been previously convicted or pled guilty to OVI in 2015). In January 2018, Smith was charged in Cuyahoga C.P. No. CR-17-624407 with an eight-count indictment for two counts aggravated vehicular assault (Counts 1 and 2), with each count carrying a one-year firearm specification; OVI (Count 3), with a furthermore clause stating that he has been previously convicted or pled guilty to OVI in 2015; receiving stolen property (Count 4); improperly handling firearms in a motor vehicle (Count 5); criminal damaging (Count 6), with a furthermore clause that he created a risk of physical harm; and two counts of HWWUD (Count 7 and 8).[1] The charges arose from a car accident that, according to the victim, "led to the total reconstruction of [the victim's] left knee [and] severe head trauma, including concussions and brain bleeding." (Tr. 25.)

{¶ 3} Pursuant to a plea agreement with plaintiff-appellee, the state of Ohio, Smith pled guilty in Cuyahoga C.P. No. CR-17-616886 to one count of OVI (Count 1 — F3) and the remaining count was nolled. In Cuyahoga C.P. No. CR-17-

---

[1] Count 1 also carried a furthermore clause that at the time of the offense, Smith was driving with a suspended license. Each of Counts 1, 2, 3, and 6 carried two forfeiture specifications. Each of Counts 4, 5, 7, and 8 carried a single forfeiture specification.

624407, Smith pled guilty to an amended count of aggravated vehicular assault, with the forfeiture specifications (Count 1 — F3); OVI, with forfeiture specifications (Count 3 — F3); an amended count of receiving stolen property, with the forfeiture specifications (Count 4 — M1); an amended count of criminal damaging, with the forfeiture specifications (Count 6 — M1); one count of HWWUD (Count 7 — M1). Counts 2, 5, and 8 were nolled.

{¶ 4} In Cuyahoga C.P. No. CR-17-616886, the trial court sentenced Smith to 12 months in prison with up to 3 years of postrelease control, to be served consecutive to any other sentence. The court ordered restitution in the amount of $975.42 to the victim and ordered Smith to pay a $1,350.00 fine. The court also suspended Smith's driver's license until April 6, 2026, required restricted plates, and imposed six points on his license. In Cuyahoga C.P. No. CR-17-624407, the trial court sentenced Smith to a total of 5 years in prison. The court sentenced Smith to 24 months in prison and a $250.00 fine on Count 1, with up to 3 years of postrelease control; 12 months in prison and a $1,350.00 on Count 3; a $250.00 fine on Count 4; a $250.00 fine on Count 6; 24 months in prison and $250.00 fine on Count 7. The court ordered that each count be served consecutively and consecutive to Cuyahoga C.P. No. CR-17-616886. The court further ordered $975.42 in restitution to the victim and ordered that Smith forfeit a Taurus .38 caliber gun. The court also suspended Smith's driver's license until April 6, 2026, required restricted plates, and imposed six points on his license.

{¶ 5} Smith appeals, raising the following assignment of error for review:

**Assignment of Error I:** The trial court erred in accepting a plea of "guilty" and sentencing [Smith] to a consecutive prison term for having weapons under disability where [Smith]'s plea was not made knowingly, voluntarily, and intelligently.

## II. Law and Analysis

### A. Standard of Review

{¶ 6} In *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, the Ohio Supreme Court clarified the review standard on appeal regarding compliance with Crim.R. 11. The *Dangler* Court stated, "When a criminal defendant seeks to have his conviction reversed on appeal, the traditional rule is that he must establish that an error occurred in the trial court proceedings and that he was prejudiced by that error." *Id.* at ¶ 13, citing *State v. Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643; *State v. Stewart*, 51 Ohio St.2d 86, 92, 364 N.E.2d 1163 (1977); Crim.R. 52.

{¶ 7} The court further stated that it has set forth two limited exceptions to the traditional rule in the criminal-plea context. *Id.* at ¶ 14-15. Under these two exceptions, no showing of prejudice is required when: (1) a trial court fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c) that a defendant waives by pleading guilty or no contest, and (2) a trial court has completely failed to comply with a portion of Crim.R. 11(C). *Id.* at ¶ 14-15, citing *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462; *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621; *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224.

{¶ 8} Because prior case law has "muddled [the] analysis by suggesting different tiers of compliance with the rule" our inquiry no longer focuses on strict, substantial, or partial compliance with the rule. *Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, at ¶ 17. Rather, the questions to be answered are as follows: "(1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?" *Id.*

**B. Guilty Plea**

{¶ 9} Smith first argues that the trial court erred by accepting his guilty plea to HWWUD despite his protestation of innocence and without any factual support for this offense. We note that an *Alford* plea exists when a defendant enters a guilty plea contemporaneously with a "protestation of innocence." *North Carolina v. Alford*, 400 U.S. 25, 37-38, 91 S.Ct. 160, 27 L.Ed. 2d 162 (1970); *State v. Alvelo*, 2017-Ohio-742, 85 N.E.3d 1032, ¶ 23 (8th Dist.), citing *State v. Clemm*, 8th Dist. Cuyahoga No. 101291, 2015-Ohio-594, ¶ 26 and *State v. Wilkerson*, 8th Dist. Cuyahoga No. 100865, 2014-Ohio-3919, ¶ 17. The United States Supreme Court has determined that *Alford* pleas should not be accepted unless the trial court is satisfied that there is a factual basis for the plea. *State v. Corbett*, 8th Dist. Cuyahoga No. 99649, 2013-Ohio-4478, ¶ 6, citing *Alford* at 38. "'When taking an *Alford* plea, the trial court cannot determine whether the accused was making an intelligent and voluntary guilty plea absent some basic facts surrounding the charge' demonstrating

that the plea cannot seriously be questioned." *Id.*, quoting *State v. Jones*, 8th Dist. Cuyahoga No. 97674, 2012-Ohio-2512, ¶ 5.

{¶ 10} A review of the record in the instant case, however, reveals that Smith's plea was not an *Alford* plea. To constitute an *Alford* plea, the defendant "must enter a guilty plea and at the same time protest innocence." *State v. Johnson*, 8th Dist. Cuyahoga No. 103408, 2016-Ohio-2840, ¶ 27, citing *State v. Tyner*, 8th Dist. Cuyahoga No. 97403, 2012-Ohio-2770, ¶ 6. Indeed, ""[i]mplicit in any *Alford* plea is the requirement a defendant *actually state his innocence* on the record when entering a guilty plea.'" (Emphasis added.)" *Alvelo* at ¶ 24, quoting *Johnson* at ¶ 27, quoting *State v. Murphy*, 8th Dist. Cuyahoga No. 68129, 1995 Ohio App. LEXIS 3924, 7 (Aug. 31, 1995). Here, at no point during the plea hearing did Smith assert his innocence in any form or fashion. Rather, when the trial court advised him that by entering a plea of guilty, he would be admitting the charged offenses, Smith expressed that he understood. A review of the plea colloquy reveals the following:

> [COURT]: Do you understand that upon entering your pleas of guilty, you are waiving or giving up certain constitutional and trial rights that you might the otherwise have had happen had we proceeded to trial?
>
> [SMITH]: Yes.
>
> [COURT]: I'm going to review each right with you. Let me know that you understand each right by saying yes out loud.
>
> * * *
>
> [COURT]: How do you plead? Guilty or not guilty?
>
> [SMITH]: Guilty.
>
> [COURT]: Are you in fact guilty, sir?

[SMITH]: Yes.

[COURT]: Let the record reflect that the Court finds [Smith] has knowingly and voluntarily entered his pleas with a full understanding of his constitutional and trial rights.

Counselors, are you satisfied that Criminal Rule 11 has been complied with?

[DEFENSE COUNSEL]: Yes, Your Honor.

[THE STATE]: Yes, Your Honor.

[COURT]: Therefore, sir, the Court will accept your pleas of guilt.

(Tr. 10, 18-19.)

{¶ 11} Moreover, what Smith construes as claims of innocence to the HWWUD charge came only at the sentencing hearing, which was after the court had accepted his plea. It was there that Smith made statements that a second individual was in the vehicle, he "didn't even do it," and he "shouldn't even have pled guilty for that." (Tr. 34.) "'It is well settled, * * * that *North Carolina v. Alford* will not apply if the protestation of innocence is made after and not contemporaneously with the guilty plea.'" *State v. Corbett*, 8th Dist. Cuyahoga No. 99649, 2013-Ohio-4478, ¶ 7, quoting *State v. Cutlip*, 8th Dist. Cuyahoga No. 72419, 1998 Ohio App. LEXIS 2899, 4 (June 18, 1998); *see also State v. Parham*, 11th Dist. Portage No. 2011-P-0017, 2012-Ohio-2833, ¶ 34-35. Therefore, the trial court did not err in accepting Smith's guilty plea on this basis.

{¶ 12} Smith next argues the trial court erred in accepting his guilty pleas because he is illiterate, has a low IQ, and "does not even know whether or not there

are co-defendants in the case and blames the non-existent or uncharged party for the conduct leading to his plea."

{¶ 13} Smith's lack of education is one factor that could affect his ability to make a valid guilty plea, but other factors demonstrate "'that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving.'" *State v. Lawston*, 8th Dist. Cuyahoga No. 80828, 2002-Ohio-6498, ¶ 27, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "So long as the judge takes adequate steps to make the proceedings 'reasonably intelligible' to the defendant, his lack of education will not vitiate the plea." *Id.*, quoting *State v. Ballard*, 66 Ohio St.2d 473, 480, 423 N.E.2d 115 (1981).

{¶ 14} In this matter, the trial court ensured that Smith understood the nature of the plea, the possible penalties faced, and the constitutional rights he would be giving up by entering a guilty plea. After Smith advised the court that he could neither read nor write, the court instructed him that if at any time he did not understand or was confused in any way by any statement made, to speak up and any issue raised by him would be addressed until Smith was completely satisfied. Smith did not raise any issues. Rather, at each step the record reveals that Smith answered he understood the statements being made. It was only after the trial court sentenced Smith to a consecutive term for the HWWUD charge, realizing that he was ordered serve an aggregate six years in prison, did Smith raise any notion of innocence as it pertains to that charge. Thus, we find that under the totality of the circumstances,

Smith understood the consequences of pleading guilty and that his guilty pleas were knowingly, intelligently, and voluntarily made.

{¶ 15} The sole assignment of error is overruled.

{¶ 16} Accordingly, judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The appellant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

LISA B. FORBES, P.J., and
EMANUELLA D. GROVES, J., CONCUR