[Cite as *State v. Medlock*, 2024-Ohio-5208.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 113273 |
| LESHAWN MEDLOCK, | : | |
| Defendant-Appellant. | : | |

**JOURNAL ENTRY AND OPINION**

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 31, 2024

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-21-655664-A and CR-21-660862-A

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Nora Bryan, Assistant Prosecuting Attorney, *for appellee.*

Law Office of John T. Forristal and John T. Forristal, *for appellant*.

MARY J. BOYLE, J.:

{¶ 1} Defendant-appellant, Leshawn Medlock ("Medlock"), appeals his felony convictions for two counts of sexual battery and two counts of attempted gross sexual imposition arguing that his pleas were not knowingly, intelligently, and

voluntarily entered.  For the reasons set forth below, we affirm Medlock's convictions.

## I.  Facts and Procedural History

{¶ 2}  In July 2021, Medlock was indicted in two separate cases.  In Cuyahoga C.P. No. CR-21-655664-A, Medlock was charged in a two-count indictment.  Both counts charged Medlock with rape, felonies of the first degree, with furthermore clauses asserting that the victim was under the age of ten, as well as specifications for notice of prior conviction ("NPC"); repeat violent offender ("RVO"); and sexually violent predator ("SVP").[1]  The case involved one named victim.

{¶ 3}  In Cuyahoga C.P. No. CR-21-660862-A, Medlock was charged in an eight-count indictment that included one count of rape, a felony of the first degree, with a furthermore clause alleging that the victim was under the age of ten; five counts of gross sexual imposition of a victim under the age of 13, felonies of the third degree; one count of rape of a victim under the age of 13, a felony of the first degree; and one count of attempted kidnapping with a sexual motivation specification, a felony of the second degree.  All counts included a SVP specification.  The case involved two named victims.

---

[1] As charged, Medlock was facing life without parole.

{¶ 4} After numerous pretrials, the case was set for trial. On September 26, 2022, Medlock declined the State's first plea offer of four counts of rape, felonies of the first degree, and two counts of sexual battery, felonies of the third degree, deleting the furthermore clauses and the specifications. A jury trial began later that day. The following day, before a jury was empaneled, the court was informed that the parties had come to a plea agreement. The State placed the plea agreement on the record. In Cuyahoga C.P. No. CR-21-655664-A, Medlock would plead guilty to one count of sexual battery of a victim under the age of 13, a felony of the second degree. In Cuyahoga C.P. No. CR-21-660826-A, Medlock would plead to one count of sexual battery of a victim under the age of 13, a felony of the second degree, and two counts of attempted gross sexual imposition, felonies of the fourth degree. The plea agreement encompassed all three named victims. In exchange for Medlock's guilty plea, the State would dismiss all remaining counts, as well as the specifications. As part of the plea agreement, the parties agreed to a recommended sentence of 10-18 years in prison for both cases. Medlock's counsel confirmed that this was their understanding of the plea agreement.

{¶ 5} The trial court then engaged in the Crim.R. 11 plea colloquy, learning that Medlock was 48 years old and a citizen and had graduated from high school and attended two years of college. The court went through each constitutional and procedural right that Medlock was waiving by pleading guilty to which he stated that he understood. The trial court then inquired:

COURT: Do you understand, sir, that a plea of guilty is a complete admission of your guilt?

MEDLOCK: Yes.

COURT: And by entering such a plea, you are waiving all of these rights except for the right to counsel?

MEDLOCK: Yes.

COURT: Do you understand that upon acceptance of your plea, the Court may proceed to judgment and sentence?

MEDLOCK: Yes.

THE COURT: Has anyone, including your attorney, the prosecutor or this Court made any promises, threats or other inducements to you to cause you to enter this plea?

DEFENSE COUNSEL: Other than —

COURT: Other than what we said on the record here today.

MEDLOCK: No.

THE COURT: The charges of sexual battery as amended in Counts 1 in both Cases 660862 and 655664 are felonies of the second degree. Each is punishable by a possible term of incarceration of 2 to 8 years in yearly increments as well as a possible fine of up to $15,000. Do you understand the charge and the penalty for those two counts, Count 1 in each case?

MEDLOCK: I'm not sure. You say the fines?

COURT: Up to $15,000.

MEDLOCK: I understand.

COURT: And then do you understand that attempted gross sexual imposition as amended in Count 5 and Count 7 of Case Number 660862 are felonies of the fourth degree punishable by a possible term of incarceration of 6 to 18 months in one-month increments as well as

a possible fine of up to $5,000? Do you understand those charges and the possible penalties?

MEDLOCK: Yes.

COURT: Do you understand that the Court can run those sentences concurrently, meaning all or some to be served at the same time, or consecutive, again, meaning all or some would run —

MEDLOCK: Yes.

. . .

COURT: Is there anything about your case or this proceeding that you do not understand?

MEDLOCK: I mean, I get everything.

COURT: Are you satisfied with the representation you have received from your attorney?

MEDLOCK: I mean, you know, it is what it is, but —

COURT: Well, you went from mandatory life with no parole to less than 20 years. You don't call that good enough?

MEDLOCK: Well, I mean, I'm not saying nothing bad either but, you know, I was —I mean, — I'm not guilty.

COURT: Are you satisfied with —

MEDLOCK: I'm not guilty

COURT: —his representation

MEDLOCK: Of course. I mean, I'm grateful.

COURT: How do you wish to plead to amended Count 1 in 660862, sexual battery, felony 2.

MEDLOCK: I plead guilty.

COURT: Voluntary plea done of your own free will and desire?

MEDLOCK: Yes.

(Tr. 36-42.) The court then went through the remaining counts with Medlock, each time asking how he pleads and whether such plea was a "voluntary plea done of [his] own free will and desire." (Tr. 42-43.) Thereafter, Medlock's counsel stated that he believed his client's pleas were "done in a knowing, voluntary and intelligent fashion." (Tr. 46.) Medlock's counsel explained that Medlock attended some college and that "he's one of the smarter clients that [he] ever had." (Tr. 46.) Medlock's counsel also stated to the court that "[he] think[s] [Medlock] understands exactly what's going on." (Tr. 46.) Finally, both the State and Medlock confirmed that the court followed the dictates of Crim.R. 11.

{¶ 6} On November 21, 2022, Medlock was sentenced to an 18-year prison term at the Lorain Correctional Institution. Additionally, the trial court imposed a five-year term of postrelease control and ordered Medlock to register as a Tier III sex offender.

{¶ 7} It is from this order that Medlock appeals, raising one assignment of error for our review:

> [Medlock's] guilty pleas are unconstitutional and must be vacated as they were not entered knowingly, intelligently and voluntarily because he professed his innocence, and the trial court failed to comply with the *Alford* mandates by conducting the required inquiry prior to accepting the guilty pleas.

## II. Law and Analysis

{¶ 8} In his sole assignment of error, Medlock contends that his plea was not knowingly, intelligently, and voluntarily entered because the trial court failed to follow the requirements in *North Carolina v. Alford*, 400 U.S. 25, 37-38 (1970), when he proclaimed his innocence prior to entering his guilty plea. After a thorough review, we find Medlock's argument unpersuasive.

{¶ 9} Where a defendant enters a guilty plea in a criminal matter, "'the plea must be made knowingly, intelligently, and voluntarily[, and f]ailure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.'" *State v. Nevels*, 2020-Ohio-915, ¶ 17 (8th Dist.), quoting *State v. Engle*, 74 Ohio St.3d 525, 527 (1996); *see also State v. Veney*, 2008-Ohio-5200, ¶ 7. In determining whether a criminal defendant knowingly, intelligently, and voluntarily entered a guilty plea, we must first review the record to determine whether the trial court complied with Crim.R. 11(C). *Id.*, citing *State v. Kelley*, 57 Ohio St.3d 127, 128-129 (1991); *State v. Brown*, 2019-Ohio-3516, ¶ 17 (8th Dist.).

{¶ 10} Medlock does not argue that the court failed to comply with Crim.R. 11; accordingly, "[w]hen a trial court complies with Crim.R. 11(C)(2) in accepting a plea, there is a presumption that the defendant's plea was knowingly, intelligently, and voluntarily made." *Id.*, citing *State v. Nelson*, 2019-Ohio-3365, ¶ 16 (8th Dist.). In considering whether a plea was made knowingly, intelligently,

and voluntarily, we examine the totality of the circumstances through a de novo review. *Id.*, citing *State v. Albright*, 2019-Ohio-1998, ¶ 16 (8th Dist.).

{¶ 11} Medlock contends that his guilty pleas should be vacated because the circumstances of his guilty pleas were similar to those of an *Alford* plea. In *Alford*, the defendant was charged with the capital crime of first-degree murder and was facing a possible death sentence or life imprisonment. *Alford,* 400 U.S. at 25-26. Alford was offered a plea agreement of second-degree murder. Because of the strong evidence against him, Alford pled guilty while disclaiming his guilt. *Id.* The trial court heard testimony from a police officer summarizing the case and two witnesses, as well as Alford himself. Alford indicated that he was pleading guilty to avoid the death penalty. The appellate court found that Alford's plea was involuntary because it was motivated by fear. *Id.* The United States Supreme Court disagreed, holding that guilty pleas linked with claims of innocence may be accepted provided the "defendant intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt." *Id.* at 37. This became known as an *Alford* plea.

{¶ 12} Ohio courts have explained that an *Alford* plea is a unique type of guilty plea where the defendant, although pleading guilty, continues to deny his guilt but enters the guilty plea because the defendant believes that the offered plea outweighs the risk of being found guilty at trial. *State v. Piacella*, 27 Ohio St.2d 92 (1971); *see also State v. Wilkerson*, 2014-Ohio-3919, ¶ 17 (8th Dist.) ("An *Alford* plea

results when a defendant pleads guilty yet maintains actual innocence of the crime charged."); *State v. May*, 2021-Ohio-261, ¶ 9 (3d Dist.); *State v. Carey*, 2011-Ohio-1998, ¶ 6 (3d Dist.). In cases involving *Alford* pleas, there is a "heightened duty upon the trial court to ensure that the defendant's rights are protected and that entering the plea is a rational decision on the part of the defendant." *Carey* at ¶ 6. Consequently, "[w]here the defendant interjects protestations of innocence into the plea proceedings, and fails to recant those protestations of innocence, the trial court must determine that the defendant has made a rational calculation to plead guilty notwithstanding his belief that he is innocent." *State v. Padgett*, 67 Ohio App.3d 332, 337-338 (2d Dist. 1990). "This requires, at a minimum, inquiry of the defendant concerning his reasons for deciding to plead guilty notwithstanding his protestations of innocence; it may require, in addition, inquiry concerning the state's evidence in order to determine that the likelihood of the defendant's being convicted of offenses of equal or greater magnitude than the offenses to which he is pleading guilty is great enough to warrant an intelligent decision to plead guilty." *Id.* at 338-339.

{¶ 13} Medlock cites to this court's decision in *Nevels*, 2020-Ohio-915 (8th Dist.), to support his position; however, we find the facts in that case are distinguishable. In *Nevels*, the defendant was charged with multiple counts of rape, kidnapping, and aggravated robbery. Nevels's counsel filed a motion to dismiss the rape charges arguing consent. In addition, the defendant protested his innocence

prior to the plea, during the plea, and again at the sentencing hearing. This did not happen in the case at hand.

{¶ 14} Notably, in the matter before us, Medlock never represented to the trial court or the State that his plea would be an *Alford* plea, nor did the State agree to such a qualified plea. In fact, Medlock's counsel stated that he believed his client would be making a knowing and voluntary plea. Further, when the trial court engaged in the Crim.R. 11 plea colloquy, Medlock acknowledged that he understood each of the rights he was waiving. He answered in the affirmative when asked, "Do you understand, sir, that a plea of guilty is a complete admission of your guilt?" (Tr. 36-37.) It was only when Medlock was asked if he was satisfied with his attorney that he made two vague denials as to his guilt. Nevertheless, immediately after his denials, he pled guilty as to each count of the amended indictment. And when he was asked whether it was a "[v]oluntary plea done of your own free will and desire?" after each guilty plea, Medlock answered, "yes." (Tr. 42-43.)

{¶ 15} As stated previously, the trial court's heightened duty is not triggered unless "the defendant interjects protestations of innocence into the plea proceedings, *and fails to recant those protestations of innocence*[.]" (Emphasis added.) *Padgett*, 67 Ohio App.3d at 338-339. Based on the totality of circumstances, we find that Medlock's comment that he was not guilty when asked whether he was satisfied with his attorney, but then immediately reversed his position and acknowledged his guilt throughout the rest of the proceedings,

including the sentencing, is not sufficient to trigger a trial court's heightened duty under *Alford*. Because Medlock was not protesting his innocence to the level required under *Alford* and *Padgett*, we find that his plea was knowingly, intelligently, and voluntarily entered.

{¶ 16} Accordingly, Medlock's sole assignment of error is overruled.

{¶ 17} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The appellant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

LISA B. FORBES, P.J., CONCURS;
ANITA LASTER MAYS, J., DISSENTS (WITH SEPARATE OPINION)

ANITA LASTER MAYS, J., DISSENTING:

{¶ 18} I respectfully dissent from the majority opinion. I would vacate the appellant's plea and remand to the trial court.

**{¶ 19}** The trial court fully complied with Crim.R. 11 (C)(2). However, when the trial court asked Medlock if he was satisfied with his trial counsel's representation, Medlock replied: "Well, I mean, I'm not saying nothing bad either but, you know, I was — I mean, I'm not guilty." Tr. 42. The trial court again tried to ask Medlock about his satisfaction with his attorney's representation, and Medlock interrupted, stating, "I'm not guilty." *Id.* Medlock then continued to plead guilty to the amended charges.

**{¶ 20}** "An *Alford* plea exists where a defendant enters a guilty plea contemporaneously with a 'protestation of innocence.'" *State v. Alvelo*, 2017-Ohio-742, ¶ 23, citing *Alford*, 400 U.S. 25, at 37-38. "Where a defendant enters an *Alford* plea, the trial court must inquire into the factual basis surrounding the charges to determine whether the defendant is making an intelligent and voluntary guilty plea." *Id.* "The trial court may accept the guilty plea only if a factual basis for the guilty plea is evidenced by the record." *Id.*

**{¶ 21}** "To constitute an *Alford* plea, the defendant 'must enter a guilty plea and at the same time protest innocence.'" *Smith*, 2024-Ohio-1979, at ¶ 10 (8th Dist.), quoting *Johnson*, 2016-Ohio-2840, at ¶ 27 (8th Dist.). It is well understood that *Alford* will not apply if the protestation of innocence is made after and not contemporaneously with the guilty plea. *Id.* at ¶ 11. Although neither Medlock nor his trial counsel specifically represented to the trial court that Medlock was making an *Alford* plea, a valid *Alford* plea exists where the defendant enters a guilty plea

while proclaiming his innocence on the record. *See Nevels*, 2020-Ohio-915, at ¶ 25 (8th Dist.).

{¶ 22} In the majority opinion, it states that Medlock did not alert the trial court or the State that he would make an *Alford* plea. However, there is no requirement that Medlock or his trial counsel represent to the trial court that Medlock intended to enter an *Alford* plea, and the majority opinion does not cite any case law to demonstrate there is a requirement of advanced notice.

{¶ 23} Additionally, the majority opinion states that it is clear from the record that Medlock was not protesting his innocence. A review of the record shows that this statement is conflicting. Medlock twice stated at the plea hearing that he was not guilty. The trial court did not respond to Medlock's assertions, but rather continued to take his plea. "The proper taking of a guilty plea requires 'a meaningful dialogue between the court and the defendant.'" *Id.* at ¶ 28, quoting *Garfield Hts. v. Brewer*, 17 Ohio App.3d 216, 218 (8th Dist. 1984). "And where a defendant protests innocence but nevertheless is willing to plead guilty, the trial court must determine that the defendant 'has made a rational calculation' to plead guilty notwithstanding his belief that he is innocent." *Id.*, quoting *Padgett*, 67 Ohio App.3d 332, at 338-339 (2d Dist. 1990). "The defendant's protestations require the court's inquiry, 'at a minimum,' into the defendant's reasons for deciding to plead guilty notwithstanding his purported innocence." *Id.*, quoting *Padgett* at 338. "The defendant's protestations may require 'inquiry concerning the state's evidence in

order to determine that the likelihood of the defendant being convicted of offenses of equal or greater magnitude than the offenses to which he is pleading guilty is great enough to warrant an intelligent decision to plead guilty.'" *Id.*, quoting *Padgett* at 338-339.

{¶ 24} The trial court failed to inquire into Medlock's reasons for deciding to plead guilty while also professing his innocence. As stated above, the case law is clear in requiring the trial court to, at minimum, make this inquiry. "To constitute an *Alford* plea, the defendant 'must enter a guilty plea and at the same time protest innocence.'" *Smith*, 2024-Ohio-1979, at ¶ 10 (8th Dist.), quoting *Johnson*, 2016-Ohio-2840, at ¶ 27 (8th Dist.), citing *State v. Tyner,* 2012-Ohio-2770, ¶ 6 (8th Dist.). The majority opinion fails to identify relevant case law as to why the trial court did not err when failing to at least inquire about Medlock's protestations.

{¶ 25} Therefore, because the trial court failed, in error, to determine that Medlock made a rational calculation to plead guilty notwithstanding his belief that he is innocent, Medlock's guilty plea should be vacated.

{¶ 26} For these reasons, I respectfully dissent.