[Cite as *State v. Bigbee*, 2025-Ohio-4587.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                                :

    Plaintiff-Appellee,              :

    v.                                            :

COREY BIGBEE,                             :

    Defendant-Appellant.          :

No. 114647

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 2, 2025

---

Criminal Appeal from the Cuyahoga County Common Pleas Court
Case No. CR-23-687542-A

---

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Carla B. Neuhauser, Assistant Prosecuting Attorney, *for appellee.*

Law Office of John T. Forristal and John T. Forristal, *for appellant.*

ANITA LASTER MAYS, J.:

{¶1} Defendant-appellant Corey Bigbee ("Bigbee") appeals his guilty plea and asks this court to vacate the plea and sentence. After thorough review, we affirm.

**{¶2}** Bigbee pleaded guilty to an amended indictment, including burglary, a second-degree felony, in violation of R.C. 2911.12(A)(1); and assault, a first-degree misdemeanor, in violation of R.C. 2903.13(A). Counts 1 and 4 were nolled in their entirety. Bigbee agreed to no contact with the victim and restitution that would be determined. The trial court sentenced Bigbee to two years' imprisonment, up to a maximum of three years under the Reagan Tokes Law on the burglary count; and 30 days in jail on the assault count, with credit for time served.

## I. Facts and Procedural History

**{¶3}** On December 9, 2023, the victim alleged that Bigbee followed her into an elevator and then out to a hallway as she walked to her apartment and forced his way into her apartment. Bigbee began accusing the victim of stealing his DVD reader.[1] Tr. 25. Bigbee physically attacked a neighbor, while she fought back using a baseball bat and forced Bigbee into the hallway, out of her apartment. Another neighbor and his friend, hearing the commotion, started to fight with Bigbee. This gave the victim an opportunity to escape and call the police. Bigbee stated that he was going to get a firearm. *Id.* Upon the arrival of the police, Bigbee was arrested holding a hammer, broomstick, and screwdriver. Tr. 24.

**{¶4}** Bigbee was indicted on one count of aggravated burglary; one count of burglary; one count of assault; and one count of menacing. The case was placed on the mental-health docket, Bigbee was found competent, and it was determined

---

[1] We note the difference regarding what item was alleged stolen. During sentencing, defendant stated, "Somebody said she broke in my house and took my TV." Tr. 30.

that he was able to assist in his own defense.  On June 17, 2024, Bigbee's trial counsel stipulated to the competency report.  Tr. 3.  The trial court discussed plea offers made by the State to Bigbee to ensure he understood his rights.  Tr. 3-7.  The trial court also adjourned the proceedings so Bigbee could speak to his attorney regarding any questions he needed answered and to give Bigbee a chance to meet with a mental-health team for resources such as medication, housing, or employment. Tr. 8-9.

{¶5} On July 31, 2024, Bigbee accepted the plea offer made by the State. The trial court advised Bigbee of his rights and asked: "Do you have any questions at this time regarding any of the rights that you're giving up or the potential consequences that you face by entering this plea?"  Tr. 18-19.  Bigbee replied, "No." Tr. 19.  The trial court then stated:

> I'm satisfied as well that your plea today will be knowingly, voluntarily, and intelligently given after I advised you of your constitutional rights and the potential consequences that you face. Knowing all that, sir, how do you now plead to count two, burglary, a felony of the second degree; guilty or not guilty?
> . . .
>
> And to count three, assault, a misdemeanor of the first degree; guilty or not guilty?

*Id.*

{¶6} Bigbee pleaded guilty to both counts.  The trial court accepted Bigbee's pleas and scheduled the sentencing hearing for a future date.

{¶7} On August 28, 2024, at the sentencing hearing, the trial court asked Bigbee if there was anything he wanted to say.  Bigbee responded: "That lady is not

the same lady that I had the altercation with. I don't know her at all. I don't know who this lady is. That's not the same lady." Tr. 30. The trial court sentenced Bigbee to two years' imprisonment, up to a maximum of three years under the Reagan Tokes Law on the burglary count; and 30 days in jail on the assault count, with credit for time served.

{¶8} Bigbee filed this appeal and assigned three errors for our review:

1. Bigbee's guilty pleas are unconstitutional and must be vacated as they were not entered knowingly, intelligently, and voluntarily because he professed his innocence and the trial court failed to comply with the *Alford* mandates by conducting the required inquiry prior to accepting the guilty pleas;

2. Bigbee's trial counsel was ineffective for failing to make a motion to withdraw Bigbee's guilty plea during the sentencing hearing; and

3. Ohio's indefinite sentencing law, the Reagan Tokes Act, is unconstitutional because it violates the Sixth Amendment, constitutional guarantees of separation of powers and due process.

## II. *Alford* Plea

### A. Standard of Review

{¶9} "In considering whether a plea was entered knowingly, intelligently, and voluntarily, 'an appellate court examines the totality of the circumstances through a de novo review of the record.'" *State v. Alvelo*, 2017-Ohio-742, ¶ 21 (8th Dist.), quoting *State v. Spock*, 2014-Ohio-606, ¶ 7 (8th Dist.).

### B. Law and Analysis

**{¶10}** In Bigbee's first assignment of error, he argues that his guilty pleas were not made knowingly, intelligently, and voluntarily and that the trial court failed to comply with the *North Carolina v. Alford*, 400 U.S. 25 (1970) mandates. "'When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.'" *Id.* at ¶ 20, quoting *State v. Engle*, 74 Ohio St.3d 525, 527 (1996); *see also State v. Veney*, 2008-Ohio-5200, ¶ 7.

**{¶11}** When taking a guilty plea, the trial court must comply with Crim.R. 11(C)(2), which states:

> In felony cases the court may refuse to accept a plea of guilty, or a plea of no contest and shall not accept a plea of guilty or no contest without first addressing the defendant personally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:
>
> > (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
> >
> > (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
> >
> > (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which

the defendant cannot be compelled to testify against himself or herself.

{¶12} At the plea hearing, the trial court fully complied with Crim.R. 11, and that fact is not disputed. However, at the sentencing hearing, Bigbee claimed that the woman in the courtroom was not the woman he had the altercation with, and thus the trial court should have complied with the *Alford* mandates. "An *Alford* plea exists where a defendant enters a guilty plea contemporaneously with a 'protestation of innocence.'" *Alvelo*, 2017-Ohio-742, at ¶ 23, citing *Alford v. North Carolina*, 400 U.S. 25, 37-38 (1970). "Where a defendant enters an *Alford* plea, the trial court must inquire into the factual basis surrounding the charges to determine whether the defendant is making an intelligent and voluntary guilty plea." *Id.* "The trial court may accept the guilty plea only if a factual basis for the guilty plea is evidenced by the record." *Id.*

{¶13} "To constitute an *Alford* plea, the defendant 'must enter a guilty plea and at the same time protest innocence.'" *State v. Smith*, 2024-Ohio-1979, ¶ 10 (8th Dist.), quoting *State v. Johnson*, 2016-Ohio-2840, ¶ 27 (8th Dist.). It is well understood that *Alford* will not apply if the protestation of innocence is made after and not contemporaneously with the guilty plea. *Id.* at ¶ 11.

{¶14} On July 31, 2024, when Bigbee accepted the plea offer, he did not enter his guilty plea while protesting his innocence. A valid *Alford* plea exists where the defendant enters a guilty plea while proclaiming his innocence on the record. *See State v. Nevels*, 2020-Ohio-915, ¶ 25 (8th Dist.). A review of the record

reveals that Bigbee never claimed he was innocent of the altercation; rather, he argued that the victim was someone else. Bigbee stated, "That lady is not the same lady that I had the altercation with. I don't know her at all." Tr. 30. Bigbee went on to state that he was in a confrontation with a lady named "Rita, that's not her." *Id.* Bigbee described the altercation with a man, being hit with a mini bat and being arrested with a hammer and screwdriver, but never protested his innocence. Tr. 31. Bigbee went on to state "if the lady in the court states it was me, I am sorry." *Id.* Moreover, these statements were made during sentencing and not during his plea hearing. Therefore, we cannot say that Bigbee's guilty pleas were not made knowingly, intelligently, and voluntarily. The trial court did not fail to comply with the *Alford's* mandates.

{¶15} Bigbee's first assignment of error is overruled.

## II. Ineffective Assistance of Counsel

{¶16} In Bigbee's second assignment of error, he argues that his trial counsel was ineffective for failing to make a motion to withdraw his guilty plea because of his profession of innocence. In line with our decision in the first assignment of error, Bigbee did not profess his innocence at either the plea or sentencing hearing. Thus, trial counsel was not mandated to make a motion to withdraw Bigbee's guilty pleas. *See Cleveland v. Bates*, 2023-Ohio-3627, ¶ 32 (8th Dist.), quoting *State v. Witherspoon*, 2011-Ohio-704, ¶ 33 (8th Dist.) ("Counsel's failure to make a futile or frivolous motion 'cannot be the basis for claims of ineffective assistance of counsel and is not prejudicial.'").

**{¶17}** Therefore, Bigbee's second assignment of error is overruled.

## III.  Reagan Tokes Law

**{¶18}** In Bigbee's third assignment of error, he argues that the Reagan Tokes Act Law is unconstitutional because it violates the separation of powers as guaranteed by the United States Constitution and Ohio Constitution and his due-process rights.

**{¶19}** In *State v. Delvallie*, 2022-Ohio-470 (8th Dist.), this court, sitting en banc, held that the indefinite sentencing provisions of the Reagan Tokes Law did not violate the separation-of-powers doctrine, a defendant's right to a jury trial, or due process of law.  The Ohio Supreme Court rejected similar constitutional challenges to the Reagan Tokes Law's indefinite sentencing scheme in *State v. Hacker*, 2023-Ohio-2535.  The Ohio Supreme Court thereafter affirmed this court's judgment in *Delvallie* on the authority of *Hacker*.  The arguments presented in this case do not present novel issues or theories challenging the constitutional validity of any aspect of the Reagan Tokes Law left unaddressed by the Ohio Supreme Court's decision in *Hacker*.

**{¶20}** Accordingly, pursuant to *Hacker*, we overrule Bigbee's third assignment of error.

**{¶21}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

EILEEN A. GALLAGHER, A.J., and
MICHAEL JOHN RYAN, J., CONCUR